CHARNLEY, Appellant, vs. CHARNLEY, Respondent.

*February 1—February 20, 1912.*

*Divorce: Division of property.*

One and one-half acres of land were purchased with $300 of the wife's money. Later the husband purchased an adjoining acre with his own money, made various improvements, and built a house. Fourteen years afterwards the premises were sold for $2,900, with $1,800 of which an eighty-acre farm was bought in the wife's name. This farm was maintained and improved by the combined efforts and contributions of husband and wife, although he worked the larger part of the summer season as a bricklayer, leaving his wife and children to carry on the farm, and furnishing them little or no money. Out of a legacy received by the husband he paid off an incumbrance of $666 on the farm. In an action by the wife for divorce, the court found the value of defendant's personal property to be $1,400 and the value of the farm $3,500. *Held,* that in making a division of the property the wife should have the farm and personalty, charged with the payment to the husband of $1,500, in addition to certain payments already made by her pursuant to the judgment of the court below.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Modified and affirmed.*

This is an appeal from that part of an interlocutory decree of divorce affecting the property rights of the parties. The facts relating to the property of the parties are as follows:

The parties were married in 1872. At that time the defendant had about $100; the plaintiff had $700 from her parents. For about three years after the marriage the parties lived near Chicago, Illinois, where the defendant used and lost in unsuccessful business ventures $300 of the plaintiff's money. About $100 of the plaintiff's money had been used in the purchase of household furnishings. Upon leaving Chicago the parties moved to Wisconsin, and in 1876 the

Charnley v. Charnley, 148 Wis. 416.

rest of plaintiff's money, $300, was used in the purchase of one and one-half acres of unimproved land at Wauwatosa, Wisconsin. Subsequently the defendant purchased an additional acre adjoining the land plaintiff had previously purchased. The title to these parcels of land was taken in the name of the plaintiff. Trees were planted by the defendant and other improvements were made by him upon the premises. A house was built by him. For fourteen years this was the residence and home of the parties. During this period the defendant worked more or less in the city at his trade of bricklayer, sending the plaintiff small sums of money, but insufficient to support her. The care of the household and the work in the garden on these premises was performed by the plaintiff and she also kept boarders during this period. During their residence at Wauwatosa the defendant received a legacy of $2,000, of which about $500 appears to have been used to pay off a mortgage debt. The evidence does not show what disposition the defendant made of the balance of this legacy. When this Wauwatosa property was sold in 1890 for $2,900, indebtedness to the amount of $400 was paid, and with $1,800 of the balance a farm of eighty acres was purchased in Sauk county, the title being taken in the name of the plaintiff. Apparently some of the money received from the Wauwatosa property was used in the purchase of personal property. The defendant has worked at his trade at Reedsburg and when he returned home to the farm would bring food supplies with him as requested by the plaintiff. At first the work on the farm was largely done by the plaintiff with the assistance of her children; of late years practically all of the work has been done by them. It appears that the defendant has not furnished the plaintiff with money. In July, 1909, the defendant received another legacy of $2,360. Of this legacy, $666 was used to clear the farm of an incumbrance. The defendant used a part of it to purchase some

household furnishings and personal articles for the children.. The balance has been disposed of by the defendant. The plaintiff testified that the coat she wore at the time of the trial was the first coat the defendant had ever purchased for her. There is no dispute that the defendant purchased the acre of land adjoining that purchased and owned by the plaintiff at Wauwatosa.

The trial court found the value of the defendant's personal property to be $1,400 and that the farm in the plaintiff's name was worth $3,500; that the Wauwatosa home had been purchased "with $300 of plaintiff's separate estate; that the same was improved and its value largely increased by defendant's labor and with his earnings." This finding is evidently not intended to refute the undisputed fact that the adjoining acre was purchased by the defendant. The court also found as follows:

"6. That the defendant spent most of his time during the summer season at work as a mason; that plaintiff has stayed on the farm, worked outdoors and carried on the farm with the help of their children; that the plaintiff has been frugal and saving; that the defendant has been addicted to excessive drinking, has spent his money freely, and is not of a saving disposition; that he is no longer able to do hard manual labor; that he has not attempted to carry on the farm work for some years past; that he receives a pension of $12 a month."

Upon the findings the court held that the $300 of plaintiff's money invested in the Wauwatosa home should be restored to her with interest, amounting to $900 for principal and interest; and that the farm and all the personal property of the defendant should vest absolutely in the plaintiff, on condition that the farm should be charged with the payment of $2,500 to the defendant. The court also specified that the $2,500 should be paid in monthly instalments of $25 and that interest should be allowed the defendant on the unpaid part of this amount.

The plaintiff appeals from the interlocutory judgment en-

tered and complains that the division of the property so or-
dered is unjust and inequitable as to her.

*Chas. H. Stone,* for the appellant.

*Daniel Ruggles,* for the respondent.

SIEBECKER, J.   The plaintiff appeals from those parts of
the judgment establishing the interest of each of the parties
in the farm and making the final division and distribution of
the real and personal property of the defendant.   The evi-
dence set out in the foregoing statement of facts is without.
dispute as to the amount each party contributed to the pur-
chase of the real estate at Wauwatosa and as to the fact that.
the wife contributed from earnings to the improvement of
this property and of the farm in Sauk county, to which she
held the exclusive title.   Under the evidence we are per-
suaded that the sum of $900, which the court awarded her as:
and for her interest in the Sauk county farm, is not a suffi-
cient amount to restore to her the just share she has in the
farm.   The facts plainly establish that her interest therein
exceeds that amount.   Since she has title to the whole thereof,
the pertinent inquiry is, What part of this farm so held by
her did she derive from her husband?   It is clear that he
contributed the purchase price for one acre of the Wauwatosa
home and that he contributed part of the means to make the
improvements thereon.   The proceeds of the sale of the prop-
erty were invested in the Sauk county farm, upon which the
parties resided, and which they maintained and improved by
their combined efforts and contributions.   It appears that
the defendant paid a mortgage on the farm, amounting to·
$666, out of an inheritance.   In view of the facts of the case
it cannot be said that more than one half of the value of this:
farm, so held by the plaintiff, was derived from the defend-
ant.   Hence his interest therein and the personalty, valued
at $1,400, amount to about $3,100.   Under the judgment of·
distribution of his estate the court awarded him $2,500, to be·

paid to him in instalments of $25 per month, with interest on the unpaid portion, and charged the wife's entire estate with a lien to secure its payment. It is obvious that the plaintiff will be unable to negotiate a mortgage loan on the premises to pay defendant this sum. Nor is it probable that she could borrow such a sum by mortgaging the personalty with the real estate. Should she succeed in doing so, in all probability she would be unable to pay the taxes, the interest on the loan, and the annual expense for upkeep. In such an event her property, including her separate estate, would be absorbed to meet the obligation imposed by this judgment. Under the circumstances we cannot approve this division of the defendant's estate as equitable between the parties. We are of the opinion that the trial court awarded the defendant too large an amount, that the defendant should receive no more than $1,500 in addition to the payments plaintiff has actually made on the judgment to this date, February 20, 1912, and that the judgment should be modified accordingly. Laws of 1909, ch. 323; Laws of 1911, ch. 239. This will enable the plaintiff to obtain the amount to be paid the defendant and thus make the final distribution of the defendant's property as determined by the judgment of the court.

*By the Court.*—It is so ordered. Neither party is to recover costs on this appeal. The respondent is to pay the clerk's fees in this court.